

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| FOX, et al., | ] | |
| Plaintiffs, | ] | |
| v. | ] | CV-99-BE-1612-M |
| TYSON FOODS, INC., | ] | |
| Defendant. | ] | |

### ORDER

This case comes before the court on the defendant's "Motion for Partial Summary Judgment" (Doc. 401). Having read the motion, corresponding briefs, several evidentiary submissions, and the case file, having heard oral arguments at a hearing on May 28, 2003, and having reviewed subsequent submissions, the court hereby DENIES the defendant's motion for the reasons stated on the Record, and discussed briefly below.

### I. Summary Judgment Standard

When a district court reviews a motion for summary judgment under Federal Rule of Civil Procedure 56, it must determine two things: (1) whether any genuine issues of material fact exist; and, if not, (2) whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). To succeed, the moving party bears the burden of establishing both prongs of the summary judgment test. The nonmoving party may defeat the motion for summary judgment by establishing <u>either</u> genuine issues of material fact <u>or</u> that the movant is not entitled to judgment as a matter of law. All evidence and inferences to be drawn therefrom should be considered in the light most favorable to the non-moving party. *See generally Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986) (explaining proper standard for summary judgment).

## II. Discussion

As evidenced by the Record, the court believes a genuine issue of material fact exists as to several issues raised by the defendant's motion, including whether the donning and doffing of protective gear constitutes "work," as defined by the Fair Labor Standards Act ("FLSA"); whether the donning and doffing in question was *de minimis*, and thus not actionable under the FLSA; and whether the donning and doffing in question was "indispensable and integral," and thus a compensable preliminary activity under the FLSA. *See* Transcript of Summary Judgment Hearing, p. 156-159 (finding genuine issues of material fact).

At the conclusion of the May 28, 2003 motion hearing, the court took under advisement an issue it considers dispositive: whether § 3(o) of the FLSA acts to exclude the time spent donning and doffing protective equipment from calculations of compensable time. That statutory provision reads in relevant part:

> In determining for the purposes...of this title the hours for which an employee is employed, there shall be excluded any **time spent in changing clothes** or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the **express terms of or by custom or practice under a bona fide collective bargaining agreement** applicable to the particular employee.

29 U.S.C. § 203(o) (2003) (emphasis added). The court had already given great thought to the application of § 3(o) before the current Motion for Partial Summary Judgment had even been filed. On February 14, 2001, U.S. Magistrate Judge Michael Putnam issued a Report and Recommendation that focused squarely on the applicability of § 3(o) to the facts of this case. In that Report and Recommendation, Judge Putnam recommended denying the defendant's then-pending Motions for Partial Summary Judgment (Docs. 31, 43), holding (1) the donning and

doffing of safety and sanitary equipment was not "changing clothes" for the purposes of § 3(o); and (2) that Tyson Foods' history of non-compensation for employee donning and doffing did not constitute a "custom or practice" for the purposes of § 3(o). (Doc. 227, p. 12-21)

On February 4, 2002, this court denied the defendant's objections to this Report and Recommendation and expressly adopted Judge Putnam's findings as to 29 U.S.C. § 203(o). *See* Doc. 354. Thus, the issues presented in this case by § 3(o) have already been decided by this court. *See* 28 U.S.C. § 636(b)(1) (allowing district courts to adopt the recommendations of magistrate judges).

Even if the court had not previously adopted Judge Putnam's findings, the court would be inclined to deny the defendant's motion. After studying the issue at length, the court is not convinced that Congress had protective gear of the type used in the Tyson plants in mind when it exempted "changing clothes" in § 3(o). While other district courts have found Judge Putnam's findings "unpersuasive,"[1] this court has, and does, find his analysis to be sound. Further, the wide array of judicial decisions on this particular point of law, coupled with the dearth of probative legislative and regulatory interpretation lent to this phrase of § 3(o), hardly encourages the court to conclude the defendant is *entitled* to judgment as a matter of law.

Having concluded that the donning and doffing of protective gear was not "changing clothes" for the purposes of § 3(o), the court need not discuss whether a "custom or practice" of non-compensation for "changing clothes" existed at the defendant's unionized plants. The court finds that § 3(o) does not apply in the resolution of this motion.

---

[1] *See* Memorandum Opinion and Order, *Gutierrez v. Specialty Brands, Inc.*, No. 00-102DJS/RPL at 5-6 (D.N.M., January 14, 2002).

### III. Conclusion

Because genuine issues of material fact exist in this case, and because the defendant is not entitled to judgment as a matter of law, the defendant's motion is DENIED.

DONE and ORDERED this 29th day of March, 2004.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE